KLEIN, J.
Appellant plaintiff prevailed in her suit for personal injuries arising out of an automobile accident, but the trial court struck the $40,000 the jury awarded for future loss of earning capacity. We reinstate the award.
Prior to the accident, in which plaintiff injured her neck, she was a server in a restaurant, earning around $360 a week. Her chiropractor testified that she had a permanent injury, and a physician testified that her MRI showed a bulging disc. She was told not to lift anything over twenty-five pounds. The owner of the restaurant where she had previously worked testified that food servers were required to carry trays weighing up to forty-five pounds and that he would not take her back to work there unless she had a note from her physician saying that she was able to do the work.
Plaintiff did not graduate from high school and had been working primarily in restaurants all of her adult life. She remained out of work for seven months after her accident, and then found a desk job in an athletic club checking people’s passes who would come to use the facility. After about a year in that job, making seven dollars an hour, she moved to Georgia because she could not afford the high cost of living in South Florida. She has been working in Georgia as an activities director at a time share condominium, making six-fifty an'hour, working forty hours a week. She was thirty-three years old at the time of the trial.
After closing argument, in which plaintiffs counsel suggested that plaintiff was earning substantially less per week than she earned at her prior job as a food server, plaintiffs counsel noticed that the verdict form did not contain a space for lost future earning capacity. Defendant moved to strike the claim on the ground there was no evidence to support it, but the court amended the verdict form to include space for it.
*664 The trial court then instructed the jury, but in the instructions omitted loss of future earning capacity, although it did go through the verdict form line by line which included future earning capacity. Plaintiff then pointed out that the court had omitted future earning capacity in the instructions and the court further instructed the jury that it could award damages for loss of future earning capacity.
The jury returned a verdict finding no permanency, but awarding $12,000 for past medical care and lost earnings, $30,000 for future medical treatment, and $40,000 for future lost earning capacity. Defendant moved for a new trial or remittitur on the ground that the award for future lost earning capacity was excessive and not supported by the evidence. At the hearing, the court announced it was granting the motion for remittitur and eliminating the $40,000 award for future lost earning capacity. When plaintiff asked the court to explain why, the court responded:
I’m saying that the issue was never presented to me, and the reason was on the basis that I didn’t think it was appropriate.
But on the eleventh hour, under the gun with having already read the instructions to the jury and then being called aside saying, hey, something’s missing, as a matter of protection to all, I placed that in there.
But I had given thought to it that probably would not and should not have gone back to the jury under the way the matter was presented to me.
The order simply stated that the damages for loss of future earning capacity were stricken, without giving a reason. We construe the order as an order striking plaintiffs award for future earnings because there was no evidence to support it, not as an order of remittitur.
Plaintiff presented evidence that she had earned $360 per week as a food server, that she could no longer work in the restaurant business because it required her to carry heavy trays, and that after the accident she had been able to earn no more than seven dollars an hour. There was accordingly ample evidence in this record to support a finding of loss of future earning capacity, and the drop in pay from $360 to $280 a week amply supports the $40,000 award to the thirty-three year old plaintiff.
We therefore reverse and remand with instructions to reinstate the jury verdict. Defendant argues on cross-appeal that if we reverse we should allow the trial court to consider defendant’s motion for new trial on the ground that the award for future loss of earning capacity is excessive. Defendant analogizes the situation as one in which the trial court grants a motion for directed verdict (striking the claim in this case), but does not rule on the alternative motion for new trial. We disagree with the defendant for two reasons. First, the trial court denied the motion for a new trial. Second, granting a new trial because this award was excessive would constitute an abuse of discretion.
FARMER and TAYLOR, JJ., concur.